Juliette P. White (UT #9616)
Alexandra L. Hodson (ID #10631)*
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Tel.: (801) 532-1234
Fax: (801) 536-6111
JWhite@parsonsbehle.com
AHodson@parsonsbehle.com
ecf@parsonsbehle.com

*Denotes counsel who will apply for admission pro hac vice*

*Attorneys for Plaintiff Bucks & Bulls – Guides & Outfitters, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BUCKS & BULLS – GUIDES & OUTFITTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AZ BUCK AND BULLS LLC, <br><br> Defendant. | **COMPLAINT** <br><br> **(JURY DEMAND)** <br><br> Case No. 1:24-cv-00049-TC <br><br> Judge Tena Campbell |

Plaintiff BUCKS & BULLS – GUIDES & OUTFITTERS, INC. ("Plaintiff") brings this action against Defendant AZ BUCK AND BULLS LLC ("Defendant") for injunctive relief and damages.

**INTRODUCTION**

1. Since at least 1984, Plaintiff has marketed and provided premier guided hunting and outfitter services to clients throughout the United States under its BUCKS & BULLS® trademark (the "Mark"). Through its widespread national marketing efforts and a dedication to

1

honesty, integrity, and hard work, Plaintiff has developed a strong reputation under its BUCKS & BULLS brand.

2. As part of its efforts to protect its brand, Plaintiff secured a federal trademark registration for the mark BUCKS & BULLS in association with "tour guide services, namely, guided hunting and wildlife viewing tours" (U.S. Reg. No. 2,088,857). The BUCKS & BULLS trademark was registered in 1997 and is now incontestable.

3. Plaintiff is also the registrant of the domain name BUCKSANDBULLS.com and has been offering its services at that domain for over 20 years.

4. This action arises out of Defendant's infringement of Plaintiff's federally registered BUCKS & BULLS Mark. Specifically, in or around July 2022, Defendant began doing business as AZ BUCK AND BULLS LLC and using the mark AZ BUCK AND BULLS with respect to guided hunting and outfitting services. In addition to adopting a trademark nearly identical to Plaintiff's, Defendant also registered and began using the website domain, AZBUCKANDBULLS.com, which is nearly identical to the domain for Plaintiff's website, BUCKSANDBULLS.com.

5. Plaintiff and Defendant both offer guided hunting tours, and both advertise their services on a nationwide scale via the internet, trade shows, and other means.

6. Plaintiff has not authorized Defendant's use of the Mark and consumers are likely to be, and have actually been, confused as a result of Defendant's infringing use of the Mark.

7. Defendant's conduct violates federal and state law and has caused, and continues to cause, irreparable harm to Plaintiff. As remedies for these wrongs, Plaintiff seeks preliminary and permanent injunctive relief, monetary damages, disgorgement of profits, costs of suit, attorneys' fees, and other relief as set forth below.

## THE PARTIES

8. Plaintiff is a Utah corporation with its principal place of business at 6570 N. Hwy 23, Newton, UT 84327.

9. Upon information and belief, Defendant is an Arizona limited liability company with its principal place of business at 507 2nd Street, Safford, AZ 85546.

## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction over the Lanham Act claim herein pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has subject matter jurisdiction over the unfair competition claim herein under the provisions of 28 U.S.C. § 1338(b) in that said claim is joined with a substantial and related claim under the Lanham Act.

12. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because the claims are so related to the claims in this action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

14. This Court has personal jurisdiction over Defendant because it has marketed its services within the state of Utah and has knowingly and purposefully directed infringing and unlawful activities at consumers in Utah.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### Plaintiff's Rights in the BUCKS & BULLS Mark

16. Plaintiff is a premier big game hunting outfitter that has been in operation for nearly 40 years. Plaintiff specializes in providing unique opportunities for its clients to hunt for trophy game through private leases in Utah and New Mexico.

17. Since at least 1984, Plaintiff has continuously used the BUCKS & BULLS Mark in commerce in relation to its exclusive guided hunting and wildlife viewing tours.

18. Plaintiff advertises and markets its services through its website and social media accounts and through booths at trade shows and expositions, all of which are branded with its

3

BUCKS & BULLS Mark. Plaintiff has spent substantial time and resources promoting its BUCKS & BULLS brand over the almost four decades it has used the Mark.

19. An example of how Plaintiff uses its Mark with respect to its services is shown below:



*See* Photos - Bucks & Bulls Guides & Outfitters (bucksandbulls.com) (last accessed 3/4/2024).

20. Plaintiff's Mark is inherently distinctive and has otherwise acquired secondary meaning as a result of Plaintiff's longstanding and continuous use of the Mark in commerce and extensive advertising of the Mark over the last forty years.

21. As a result of Plaintiff's advertising and use of the BUCKS & BULLS Mark in commerce for many years, consumers on a nationwide scale have come to recognize that the BUCKS & BULLS Mark indicates the source of Plaintiff's guided hunting and outfitting services. In addition, Plaintiff has accumulated significant goodwill in its BUCKS & BULLS brand, and as a result, the Mark holds great value as an identifier of Plaintiff's services.

**Defendant's Infringement of Plaintiff's Mark**

22. Upon information and belief, Defendant began using the mark AZ BUCK AND BULLS in or around June 2016 in relation to its guided hunting and outfitting services. Similar to

Plaintiff, Defendant also focuses its services on hunting big game. Indeed, Defendant claims that it "specializes in Guided Archery and Rifle hunts for Coues Deer, Mule Deer, Elk, and Javelina." *See* azbuckandbulls.com (last accessed on 3/4/2024).

23. Upon information and belief, Defendant advertises its services through its website and social media accounts, and through trade shows and expositions, which are the same marketing channels through which Plaintiff advertises its services.

24. Marketing materials depicting Defendant's use of the AZ BUCK AND BULLS mark in relation to guided hunting services are shown below:



*See* azbuckandbulls.com (last accessed on 3/4/2024).



See https://www.facebook.com/couesdeeraz/ (last accessed on 3/4/2024).

25. In addition, the market for both Plaintiff's and Defendant's big game guided hunting services is national. Indeed, Plaintiff's clients come from all over the United States, and they hunt in places all over the United States, as well. Accordingly, Plaintiff markets and advertises its services to prospective clients across the United States. Upon information and belief, Defendant also markets and advertises its services to prospective clients across the United States.

26. At the time Defendant began using the AZ BUCK AND BULLS mark, Plaintiff had been using its BUCKS & BULLS Mark in commerce for nearly forty years. That is, Plaintiff's rights in the BUCKS & BULLS Mark developed decades before Defendant began using the AZ BUCK AND BULLS mark. Plaintiff is the senior user of the BUCKS & BULLS Mark nationwide and possesses rights to use the Mark superior to any rights possessed by Defendant.

27. Defendant's use of the AZ BUCK AND BULLS mark, which incorporates Plaintiff's BUCKS & BULLS Mark almost exactly, is not only highly likely to cause confusion, it has actually caused confusion among consumers. Indeed, both Plaintiff and Defendant attended a live auction in Salt Lake City, Utah in February 2024 at which Defendant auctioned a 5-day hunt under the AZ BUCK AND BULLS mark. In the auction materials, Defendant also referred to itself

as the "Buck and Bull crew." Numerous prospective clients at the event were actually confused as to the source of Defendant's services and inquired with Plaintiff regarding whether it was affiliated with Defendant during that event.

28. Upon information and belief, Defendant was also an exhibitor at the Western Hunting and Conservation Expo in Salt Lake City in February 2024 and advertised its services under the AZ BUCK AND BULLS mark at that event.

29. The confusion resulting from Defendant's infringing use of Plaintiff's Mark has harmed Plaintiff's goodwill and reputation and has serious consequences for Plaintiff.

**Defendant's Infringement is Willful**

30. Upon learning of Defendant's use of the AZ BUCK AND BULLS mark, Plaintiff sent a cease-and-desist letter to Defendant detailing Defendant's infringement and the consumer confusion Defendant was likely to cause. Defendant responded, refusing to cease use of its infringing mark unless Plaintiff compensated Defendant to rebrand.

31. Despite knowing of Plaintiff's superior rights in the BUCKS & BULLS Mark, Defendant has continued to use the Mark in commerce, causing a likelihood of confusion and actual confusion among consumers.

32. By continuing to use the AZ BUCK AND BULLS mark, Defendant is willfully and intentionally causing a likelihood of confusion and actual confusion as to the affiliation, connection, or association of Plaintiff with Defendant and vice versa and as to the origin, sponsorship, or approval by Plaintiff of Defendant's services and commercial activities, and by Defendant of Plaintiff's services and commercial activities.

33. On information and belief, Defendant's use of the AZ BUCK AND BULLS mark may cause Plaintiff to lose actual and prospective clients and damages Plaintiff's business reputation and the goodwill associated with its BUCKS & BULLS Mark.

34. Unless and until preliminarily and permanently enjoined by this Court, the acts of Defendant alleged herein will continue unabated, all to the continuing irreparable injury, damage, and detriment of Plaintiff, for which Plaintiff has no adequate remedy at law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Trademark Infringement – Lanham Act (15 U.S.C. § 1114)

35. Plaintiff incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

36. Plaintiff's BUCKS & BULLS Mark is valid and subsisting and its registration is in full force and effect.

37. As a result of Defendant's unauthorized use of Plaintiff's registered trademark, Plaintiff has suffered damages including, but not limited to, trademark infringement and damage to Plaintiff's existing and potential business relations.

38. Accordingly, Plaintiff is entitled to all remedies available under the Lanham Act, including preliminary and permanent injunctive relief, compensatory damages, including treble damages, disgorgement of profits, costs of suit and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

39. Plaintiff incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

40. By committing the acts herein alleged, Defendant has unfairly appropriated the BUCKS & BULLS Mark, reputation and goodwill of Plaintiff, and its actions in doing so constitute, among other things, unfair competition, infringement of a common law trademark, deceptive advertising, unfair trade practices and injury to the reputation of Plaintiff, all in violation of the laws of the State of Utah and the provisions of the Utah Trademark Act.

41. Defendant's acts, as alleged herein, have been intentionally carried out with full knowledge of Plaintiff's BUCKS & BULLS Mark and common law rights. Exemplary or punitive damages are necessary by reason of Defendant's intentionally tortious conduct and are necessary to deter future similar conduct.

42. Unless and until preliminarily and permanently enjoined by this Court, Defendant's infringement will continue unabated, all to the continuing irreparable injury, damage, and detriment of Plaintiff, for which Plaintiff has no adequate remedy at law.

43. As a further direct and proximate result of Defendant's acts of infringement, Plaintiff has and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

44. Accordingly, Plaintiff is entitled to all available remedies, including preliminary and permanent injunctive relief, disgorgement of Defendant's profits, punitive damages, costs of suit and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
### Unjust Enrichment

45. Plaintiff incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

46. Defendant has benefited from the improper, unfair, and unauthorized use, misappropriation, and infringement of Plaintiff's BUCKS & BULLS Mark and goodwill attendant thereto, as alleged above.

47. Defendant has knowledge of, and fully appreciates, the improper, unfair and unauthorized benefits it has received from Plaintiff as a result of such actions.

48. Defendant would be unjustly enriched if it were permitted to retain the proceeds and the benefits obtained from such actions.

49. Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the value of the benefits involuntarily conferred upon it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.   That the Court render final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged in this complaint;

B.      That the Court issue preliminary and permanent injunctive relief against Defendant and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and ordered to:

      i.      Immediately stop all direct or indirect use in commerce, promotion, advertisement, reproduction, display, offering for sale, sale, or distribution of the AZ BUCK AND BULLS mark, or any name or mark confusingly similar to Plaintiff's BUCKS & BULLS Mark, in all mediums including but not limited to visual media, signs, promotional material, print media, social media, and online use;

      ii.      Deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, internet posts, advertisements, swag, apparel, and other material in the possession of Defendant bearing the AZ BUCK AND BULLS mark, or any term confusingly similar to the BUCKS & BULLS Mark; and

      iii.      Take all steps necessary to cancel or otherwise withdraw any and all federal, state, or local registrations and applications, including registrations and applications relating to trademarks, service marks, trade names, corporate names, assumed names, and internet domain names, related to use in commerce of the AZ BUCK AND BULLS mark, or any name or mark confusingly similar to the BUCKS & BULLS Mark;

C.      That the Court enter an Order instructing Defendant to file with the Court and serve on Plaintiff within thirty days after the service of any injunction order and any other order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with all elements of the injunction and order;

D.      That the Court enter an Order requiring an accounting of all profits received, directly or indirectly, from or through Defendant's acts of infringement, unfair competition, and other violations set forth above, and that such profits be trebled or otherwise enhanced including with interest pursuant to applicable federal and state law, including, without limitation, as noted above;

  E. That the Court enter an Order instructing Defendant to pay Plaintiff's general, special, and actual damages, including treble damages pursuant to the Lanham Act and exemplary and punitive damages;

  F. That the Court order Defendant to pay Plaintiff both the costs of this action and attorneys' fees incurred in prosecuting this action;

  G. That the Court order Defendant to pay Plaintiff pre-judgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment, and such additional pre-judgment interest and post judgment interest as otherwise permitted by law; and

  H. That the Court grant Plaintiff such additional and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.

DATED this 21st day of March 2024.

          PARSONS BEHLE & LATIMER

          /s/ *Juliette P. White*
          Juliette P. White
          Alexandra L. Hodson
          *Attorneys for Plaintiff Bucks & Bulls – Guides & Outfitters, Inc.*